UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS PATRICK GLENN, IV, Booking #23748583,<br><br>          Plaintiff,<br><br>vs.<br><br><br>CENTRAL PUBLIC DEFENDERS,<br>          Defendant. | Case No.: 3:25-cv-2290-BTM-DDL<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2] AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

## I. INTRODUCTION

Thomas Patrick Glenn ("Plaintiff" or "Glenn"), a detainee proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983, along with a motion to proceed *In Forma Pauperis* ("IFP"). ECF Nos. 1 & 2. In his Complaint, Glenn raises claims concerning the representation he received during criminal proceedings. *See* ECF No. 1 at 2–5. For the reasons discussed below, the Court grants Plaintiff's IFP Motion and dismisses the Complaint.

## II. IFP MOTION

Generally, parties instituting any civil action in a district court of the United States,

1

must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "assess[es] and when funds exist, collect[s], … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2).

In support of his IFP Motion, Glenn has provided a copy of his trust account statement showing that during the months prior to filing suit, Glenn had an average monthly balance of $18.06, average monthly deposits of $40.00, and an available account balance of $0.01 at the time of filing. *See* ECF No. 2 at 5. Accordingly, the Court **GRANTS**

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Plaintiff's IFP motion and, due to Glenn's lack of funds, assesses no initial partial filing fee. The Court directs the agency having custody of Plaintiff to collect and forward to the Clerk of Court the $350 balance of the filing fee required by 28 U.S.C. § 1914 and forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

### III.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

#### A.   Legal Standard

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.

#### B.   Plaintiff's Allegations

In his Complaint, Glenn states he was booked into San Diego County jail on March 13, 2025 because he suffers from Post Traumatic Stress Disorder ("PTSD"), which "prevented [him] from contacting probation." ECF No. 1 at 3. When he met with his appointed lawyer, a deputy public defender, he told her about his PTSD, and she laughed. *Id.* at 2, 3. Glenn also alleges defense counsel failed to meet his expectations while

3

representing him after his arrest.[2] *Id.* at 4. He states his rights were violated "at every court date." *Id.* at 3. Plaintiff also alleges defense counsel failed to adequately communicate with him or explain what was going on in his cases, allowed an "intern" to assist during his arraignment, and seemed generally uninterested in his cases. *Id.* at 4

Glenn also says he was anticipating a jury trial in one of his cases but when he asked the judge about it, he was told that the case had been "dismissed," and his attorney had failed to inform him. *Id.* at 5. He further alleges that when he asked for a *Marsden* hearing,[3] defense counsel "lied about everything." *Id.* Glenn also states he was improperly sentenced "with no probation report." *Id.* In sum, Glenn alleges his defense counsel failed to provide him with adequate representation. *Id.* at 3–5.

**C.    Discussion**

Glenn alleges his rights were violated under 42 U.S.C. § 1983 and names "Central Public Defenders Office, Deputy Public Defender" as the sole Defendant, ECF No. 1 at 2, which appears to be a reference to the individual public defender who represented him in criminal proceedings. *See id.* at 3. He alleges Defendant failed to adequately communicate with him about his cases and generally failed to provide an adequate defense for him during state criminal proceedings. *Id.* at 3–5. Glenn seeks money damages and "relief from [his] sentence." *Id.* at 7.

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person

---

[2] Plaintiff references proceedings in two criminal cases arising in different divisions of San Diego County Superior Court, one in Vista (SCN 446533) and another in El Cajon (SCE428339). ECF No. 1 at 4.

[3] Under *People v. Marsden*, 2 Cal. 3d 118, 123 (Cal. 1970), criminal defendants in California may ask the court to discharge their appointed attorney and appoint a new attorney when they believe their right to effective representation is jeopardized.

4

acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). Here, Plaintiff has failed to satisfy either element.

First, while Plaintiff appears to be dissatisfied with the representation he received during his criminal proceedings in state court, he fails to allege any specific constitutional violation attributable to Defendant or even reference any constitutional right. *See* generally, ECF No. 1 at 3–5. While courts must liberally construe pro se pleadings, a federal court cannot provide the legal basis for a pro se litigant's claims. *See Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) ("A liberal construction of a pro se complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint."). Therefore, the Complaint must be dismissed for failure to allege a constitutional deprivation. *See Tsao*, 698 F.3d at 1138.

In addition, even if Plaintiff had identified a constitutional claim, his Complaint must be dismissed because he cannot show Defendant was acting under color of law. The Supreme Court has held that a public defender does not act under color of state law when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981). And here, Plaintiff's claims are based on alleged inadequacies by the deputy public defender in handling his criminal cases, including failure to properly handle his arraignment, failure to adequately communicate with him about his cases, and failing to consider his views regarding trial. ECF No. 1 at 3–5. But neither the Office of the Public Defender, nor Plaintiff's individual defense counsel can be sued under § 1983 based on such claims because there is no state action.[4] *See id.*; *see also Georgia v. McCollum*, 505 U.S. 42, 53 (1992) (discussing prior holding in *Polk* that "a public defender

---

[4] To the extent Plaintiff may be attempting to challenge his state conviction or the duration of his confinement, such challenges must be brought through a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (stating that when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus").

does not qualify as a state actor when engaged in his general representation of a criminal defendant.") (footnote omitted); *Rowell v. Clark Cnty. Pub. Def. Off.*, 157 F. App'x 973, 976 (9th Cir. 2005) (stating plaintiff could "state no claim [against the Clark County Public Defender's] under § 1983 because he [was] not suing a state actor").

Based on the above, the Court dismisses the Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## D. Amendment Would be Futile

Plaintiff is proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Here, however, the Court concludes that leave to amend would be futile because a public defender is not a state actor. *See Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); *see also Johnson v. Woodland Pub. Defs. Off. Yolo Cnty.*, 2023 WL 5021780, at *1 (E.D. Cal. 2023) (dismissing claim against County Public Defender Office for failure to allege state action and declining to grant leave to amend as futile).

## IV. CONCLUSION AND ORDER

Therefore, based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* [ECF No. 2].

2. **DIRECTS** the Watch Commander of the Vista Detention Facility, or their designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). All payments must clearly identify the name and case number assigned to this action.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Facility

Commander at Vista Detention Facility, 325 S Melrose Dr., Vista, California 92081.

4.   **DISMISSES** Plaintiff's Complaint *sua sponte* in its entirety without leave to amend based on a failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1). The Court certifies that any appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated:  December 8, 2025

Honorable Barry Ted Moskowitz
United States District Judge